IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYSON JOIEL SUGGS,

      Plaintiff,                       No. CIV S-10-0799 FCD GGH P

   vs.

JOHN MARSHALL, et al.,

      Defendants.                <u>FINDINGS & RECOMMENDATIONS</u>

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983.

        On May 12, 2010, the court issued a screening order where plaintiff's complaint was dismissed with leave to file an amended complaint within twenty-eight days. The court outlined the deficiencies in plaintiff's complaint and set forth what would be required in an amended complaint. On July 13, 2010, plaintiff filed a response to the court's screening order. On August 3, 2010, the court construed plaintiff's response as an amended complaint and dismissed it with leave to amend. The court noted that plaintiff's response merely added additional facts but did include the information from the original complaint. The court informed plaintiff that pursuant to Local Rule 220, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

1

complaint be complete in itself without reference to any prior pleading.  Plaintiff was granted twenty-eight days to file a proper amended complaint.

The twenty-eight days have passed and plaintiff has not filed a proper amended complaint.  To the extent, that plaintiff's August 10, 2010, letter could be construed as an amended complaint, this action must still be dismissed as plaintiff has failed to cure the deficiencies of his original complaint.  Plaintiff alleges that two other inmates attacked him.

In order to state a claim under § 1983, a plaintiff must allege that:  (1) defendant was acting under color of state law at the time the complained of act was committed; and (2) defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48 (1988).

The inmates are not proper defendants as there is no evidence that they were acting under color of state law.  Plaintiff has identified a correctional officer but has repeatedly failed to set forth any viable allegations against him.  For all the above reasons, plaintiff's complaint should be dismissed and this case closed.

IT IS HEREBY RECOMMENDED that plaintiff's action be dismissed and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are

\\\\\

\\\\\

\\\\\

1 advised that failure to file objections within the specified time may waive the right to appeal the
2 District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: September 30, 2010

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB
sugg799.dis