IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYSON JOEL SUGGS,

        Plaintiff,                   No. CIV S-10-0799 FCD GGH P

   vs.

JOHN MARSHALL, et al.,

        Defendants.         ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis. He seeks relief pursuant to 42 U.S.C. § 1983.

        On May 12, 2010, the court issued a screening order where plaintiff's complaint was dismissed with leave to file an amended complaint within twenty-eight days. The court outlined the deficiencies in plaintiff's complaint and set forth what would be required in an amended complaint. On July 13, 2010, plaintiff filed a response to the court's screening order. On August 3, 2010, the court construed plaintiff's response as an amended complaint and dismissed it with leave to amend. The court noted that plaintiff's response merely added additional facts but did include the information from the original complaint. The court informed plaintiff that pursuant to Local Rule 220, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended

1

complaint be complete in itself without reference to any prior pleading. Plaintiff was granted twenty-eight days to file a proper amended complaint.

The twenty-eight days passed and plaintiff did not file a proper amended complaint. To the extent, that plaintiff's August 10, 2010, letter could be construed as an amended complaint, plaintiff failed to cure the deficiencies of his original complaint.

On October 1, 2010, the undersigned issued findings and recommendations that this action be dismissed due to plaintiff's failure to follow court orders and file a proper amended complaint. On October 12, 2010, plaintiff filed objections and again set forth arguments in support of his claims. To construe the objections as a viable complaint the undersigned would need to reference parts of other filings which in the experience of the undersigned would lead to difficulties as the litigation progressed.

Therefore, plaintiff will be given one final opportunity to file an amended complaint that will contain all of his allegations and needs to identify the defendants. As previously stated, the court cannot refer to prior filings.

The inmates in the complaint are not proper defendants as there is no evidence that they were acting under color of state law. Plaintiff has identified correctional officers and needs to describe specifically how they violated his constitutional rights.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

1  the reasonable inference that the defendant is liable for the misconduct alleged." Id.

2  "'[P]rison officials have a duty...to protect prisoners from violence at the hands of
3  other prisoners.'" Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 (1994). "[A]
4  prison official violates the Eighth Amendment when two requirements are met. First, the
5  deprivation alleged must be, objectively, 'sufficiently serious'.... For a claim (like the one here)
6  based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions
7  posing a substantial risk of serious harm." Id. at 834, 114 S.Ct. at 1977. Second, "[t]o violate
8  the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable
9  state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or
10 safety." Id. The prison official will be liable only if "the official knows of and disregards an
11 excessive risk to inmate health and safety; the official must both be aware of facts from which
12 the inference could be drawn that a substantial risk of serious harm exists, and he must also draw
13 the inference." Id. at 837, 114 S.Ct. at 1979.

14        The Civil Rights Act under which this action was filed provides as follows:

15        Every person who, under color of [state law] . . . subjects, or causes
          to be subjected, any citizen of the United States . . . to the
16        deprivation of any rights, privileges, or immunities secured by the
          Constitution . . . shall be liable to the party injured in an action at
17        law, suit in equity, or other proper proceeding for redress.

18 42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the
19 actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
20 Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
21 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the
22 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
23 omits to perform an act which he is legally required to do that causes the deprivation of which
24 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25        Plaintiff must file an amended complaint within 21 days of service of this order.
26 No extensions will be provided and no more amendments will be allowed. The court does not

have the resources to repeat the same instructions to plaintiff endlessly. Failure to file a properly amended complaint will result in a recommendation that this action be dismissed.

Accordingly, IT IS HEREBY ORDERED that:

1. The October 1, 2010, Doc. 20, findings and recommendations are vacated;

2. Plaintiff must file an amended complaint within 21 days of service of this order. Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: November 2, 2010

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

GGH: AB
sugg799.ord3