1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TYSON JOIEL SUGGS,

11              Plaintiff,                    No. CIV S-10-0799 FCD GGH P

12        vs.

13   JOHN MARSHALL, et al.,

14              Defendants.              FINDINGS & RECOMMENDATIONS

15   _____/

16        Plaintiff is a state prisoner proceeding pro se and in forma pauperis.  He seeks

17   relief pursuant to 42 U.S.C. § 1983.

18        The court is required to screen complaints brought by prisoners seeking relief

19   against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

21   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

22   granted, or that seek monetary relief from a defendant who is immune from such relief.  28

23   U.S.C. § 1915A(b)(1),(2).

24        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

25   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

26   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

1

indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

Plaintiff filed the original complaint on April 5, 2010, alleging that defendants failed to protect him in violation of the Eighth Amendment.  On May 12, 2010, the court issued a screening order where plaintiff's complaint was dismissed with leave to file an amended complaint within twenty-eight days.  The court outlined the deficiencies in plaintiff's complaint and set forth what would be required in an amended complaint.  On July 13, 2010, plaintiff filed a response to the court's screening order.  On August 3, 2010, the court construed plaintiff's

response as an amended complaint and dismissed it with leave to amend.  The court noted that plaintiff's response merely added additional facts but did include the information from the original complaint.  The court informed plaintiff that pursuant to Local Rule 220, the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  Plaintiff was granted twenty-eight days to file a proper amended complaint.

The twenty-eight days passed and plaintiff did not file a proper amended complaint.  To the extent, that plaintiff's August 10, 2010, letter could be construed as an amended complaint, plaintiff failed to cure the deficiencies of his original complaint.

On October 1, 2010, the undersigned issued findings and recommendations that this action be dismissed due to plaintiff's failure to follow court orders and file a proper amended complaint.  On October 12, 2010, plaintiff filed objections and again set forth arguments in support of his claims.  To construe the objections as a viable complaint the undersigned would need to reference parts of other filings which in the experience of the undersigned would lead to difficulties as the litigation progressed.  Therefore, plaintiff was given leave to file an additional complaint.

Plaintiff filed an amended complaint on November 17, 2010.  While plaintiff has labeled the filing as a second amended complaint, this is actually plaintiff's fourth or fifth attempt at filing a proper complaint.  However, plaintiff's latest complaint contains the same deficiencies as the prior attempts.  Plaintiff names two defendants, Deputy Larcom and Deputy White.  The body of the complaint only contains one brief reference to Deputy Larcom and does not mention Deputy White.

Plaintiff states that he was attacked by another inmate on January 17, 2004, and he pressed the emergency button but "they" did not respond.  Plaintiff states that the incident occurred in front of the control booth window so plaintiff "knows" they saw it.  Plaintiff describes another incident when he was assaulted, pressed the emergency button but no one

3

1  responded and there was a crowd in front of his cell, that were noticeable from the control booth

2  window.  Plaintiff then describes another assault by an inmate where Deputy Larcom intervened.

3          Plaintiff never alleges that the defendants were in the control booth when the

4  attacks occurred or that they witnessed them.  Plaintiff merely states that the attacks occurred in

5  view of the control room.  It is not even clear if these defendants were working when these

6  attacks occurred.  Similarly, plaintiff makes no allegations that these defendants were responsible

7  for responding to the emergency alarms.

8          While these oversights could be corrected and addressed in an amended

9  complaint, the undersigned has repeatedly informed plaintiff of these deficiencies and given him

10 many, many opportunities to provide more information.  Despite all these extra chances, plaintiff

11 has again failed to provide sufficient facts to support the complaint.  Essentially, plaintiff has

12 repeated the same allegations that he was assaulted and these defendants are liable.

13         Were the court to serve this complaint, it would essentially hold defendants to a

14 strict liability standard that all prison officials are responsible for anything that befalls an inmate.

15 Plaintiff bears the burden of alleging sufficient facts.  "[A] complaint must contain sufficient

16 factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

17 v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

18 1955).  Plaintiff has failed to present sufficient factual matter, instead setting forth the barest of

19 allegations.  The facts presented by plaintiff are insufficient to allow the court to draw the

20 reasonable inferences that defendants are liable.  Were the court to draw inferences to find an

21 actionable Eighth Amendment claim, the court would essentially be rewriting the complaint.

22          "'[P]rison officials have a duty...to protect prisoners from violence at the hands of

23 other prisoners.'"  Farmer v. Brennan, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976 (1994).  "[A]

24 prison official violates the Eighth Amendment when two requirements are met.  First, the

25 deprivation alleged must be, objectively, 'sufficiently serious'....  For a claim (like the one here)

26 based on a failure to prevent harm, the inmate must show that he is incarcerated under conditions

4

1    posing a substantial risk of serious harm." <u>Id.</u> at 834, 114 S.Ct. at 1977.  Second, "[t]o violate

2    the Cruel and Unusual Punishments Clause, a prison official must have a 'sufficiently culpable

3    state of mind' ... [T]hat state of mind is one of 'deliberate indifference' to inmate health or

4    safety." <u>Id.</u>  The prison official will be liable only if "the official knows of and disregards an

5    excessive risk to inmate health and safety; the official must both be aware of facts from which

6    the inference could be drawn that a substantial risk of serious harm exists, and he must also draw

7    the inference." <u>Id.</u> at 837, 114 S.Ct. at 1979.

8            The Civil Rights Act under which this action was filed provides as follows:

9              Every person who, under color of [state law] . . . subjects, or causes
              to be subjected, any citizen of the United States . . . to the
10          deprivation of any rights, privileges, or immunities secured by the
              Constitution . . . shall be liable to the party injured in an action at
11          law, suit in equity, or other proper proceeding for redress.

12    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

13    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

14    <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

15    (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

16    meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

17    omits to perform an act which he is legally required to do that causes the deprivation of which

18    complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

19            While pro se pleadings are to be liberally construed and pro se parties should be

20    given chances to amend, there must be a limit for the sake of judicial economy.  As this case was

21    filed on April 5, 2010, and the undersigned has given plaintiff every opportunity to file a proper

22    complaint, yet plaintiff still has been unable to cure the deficiencies, this complaint should be

23    dismissed with prejudice.

24            Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's action be

25    dismissed with prejudice and this case closed.

26            These findings and recommendations are submitted to the United States District

1   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

2   days after being served with these findings and recommendations, any party may file written

3   objections with the court and serve a copy on all parties.  Such a document should be captioned

4   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

5   shall be served and filed within fourteen days after service of the objections.  The parties are

6   advised that failure to file objections within the specified time may waive the right to appeal the

7   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

8   Dated: December 15, 2010

                                              /s/ Gregory G. Hollows
9
                                        _____
10                                      UNITED STATES MAGISTRATE JUDGE

11

12
    GGH: AB
13  sugg799.dis2

14

15

16

17

18

19

20

21

22

23

24

25

26